UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JESUS A. WAYNE, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.  1:24-cv-03567 (UNA) |
| | ) | |
| | ) | |
| KWAN MCKNIGHT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

This matter is before the court on plaintiff's *pro se* complaint ("Compl."), ECF No. 1, and application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2.  The court grants plaintiff's IFP application and, for the reasons explained below, it dismisses this matter for lack of subject matter jurisdiction.

The subject-matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented, *id*. § 1331, or the parties are of diverse citizenship and the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs," *id.* § 1332(a).  A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction.  *See* Fed. R. Civ. P. 8(a).  Failure to plead such facts warrants dismissal of the action.  *See* Fed. R. Civ. P. 12(h)(3).

Plaintiff, who resides in the District of Columbia, sues Kwan McKnight, an individual who also resides in the District, as well as two unnamed John Does, from Maryland.  *See* Compl. at 1–2.  Because plaintiff is proceeding *pro se* and IFP, he may not sue Doe defendants. *See* D.C. LCvR 5.1(c)(1).  The complaint itself is spare, alleging only that, on December 20, 2024, defendants

trespassed at plaintiff's property, while driving a Dodge sedan, a Ford minivan, and Ford truck, respectively. *See* Compl. at 4. Plaintiff does not plead for any relief. *See id*.

Plaintiff has failed to establish subject matter jurisdiction. First, he has failed to state a federal question. *See* 28 U.S.C. § 1331. Plaintiff does not invoke any authority that provides a federal cause of action, nor can the court independently discern any basis for federal question jurisdiction from the facts given in the complaint. *See Johnson v. Robinson*, 576 F.3d 522, 522 (D.C. Cir. 2009) (per curiam) ("[F]ederal court jurisdiction must affirmatively appear clearly and distinctly.") (quoting *Bilal v. Kaplan*, 904 F.2d 14, 15 (8th Cir.1990) (per curiam)).

Second, plaintiff has also failed to establish diversity jurisdiction. *See* 28 U.S.C. § 1332. Plaintiff and defendant McKnight are both located in the District of Columbia, thereby defeating any diversity jurisdiction. *See Bush v. Butler*, 521 F. Supp. 2d 63, 71 (D.D.C. 2007) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373–74 (1978)) ("For jurisdiction to exist under 28 U.S.C. § 1332, there must be complete diversity between the parties, which is to say that the plaintiff may not be a citizen of the same state as any defendant."). Moreover, plaintiff has not demanded any damages, let alone alleged that the amount in controversy somehow exceeds $75,000.

Consequently, this case is dismissed without prejudice. *See* Fed. R. Civ. P. 12(h)(3). A separate order will issue contemporaneously.

Date:  February 25, 2025

                                                                                                 /s/
                                                           RUDOLPH CONTRERAS
                                                         United States District Judge